IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NEIL A. ROY,

        Plaintiff,

v.

TOM BEXLEY, *et al*,

        Defendants.

Case. No. 1:25-cv-1431-CL

FINDINGS AND RECOMMENDATION

**CLARKE**, Magistrate Judge.

Self-represented Plaintiff, Neil A. Roy, seeks to proceed *in forma pauperis* ("IFP"), (ECF #2) and brings this cause of action against Tom Bexley, the Court Clerk of the Seventh Judicial Court of Florida, Rick Stally, Sheriff of Flagler County, Florida, and Bruce Bartlett, the Florida Attorney General. In his Complaint (ECF #1) Plaintiff claims that these defendants "failed to properly serve" him with a summons in a divorce proceeding in Flagler County state court. For the reasons below, this case should be dismissed with prejudice.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine

1 – FINDINGS AND RECOMMENDATION

whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined that Plaintiff is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the

complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The crux of Plaintiff's claims is the allegation that he was improperly served with a summons for his divorce proceeding in a Florida State Court, thus he failed to receive notice and an opportunity to be heard, as required for due process. Plaintiff asserts that this due process violation caused him to be subjected to a default judgment and a child support order. Plaintiff also claims that, as a result of these actions and orders, his children's First Amendment free speech rights have been violated by depriving the children of their right to communicate with Plaintiff. Plaintiff seeks relief in the form of a declaratory judgment for a violation of Plaintiff's First and Fourteenth Amendment rights, an injunction directing Defendants to vacate the default judgment and child support order, as well as monetary damages for financial harm, emotional distress and parental alienation.

The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of US Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Perhaps just as importantly, federal courts are also generally prohibited from interfering in issues of domestic relations. This exception applies to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992).

While the claims in this case are framed as civil rights violations, there is no question that Plaintiff seeks to overturn an order and judgment entered in a state court proceeding. This is an improper collateral attack, which is barred by the *Rooker-Feldman* doctrine. Additionally, to the extent Plaintiff brings claims against court staff for their actions in state court proceedings, the

3 – FINDINGS AND RECOMMENDATION

claims are barred by judicial immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). That absolute immunity applies not only to judges, but also "for advocates and witnesses" involved in the proceedings. *Id.* Therefore, to the extent Plaintiff challenges "judicial mistakes or wrongs," such challenges must come "through ordinary mechanisms of review," *i.e.*, the appellate process. *Id.* It is not clear whether Plaintiff can still timely pursue an appeal of the state court judgment, but if he can, that would be a better use of his time, as the case at bar is an improper collateral attack on a prior state court judicial decision.

## RECOMMENDATION

Self-represented parties are generally entitled to notice and an opportunity to cure any deficiencies in their filings. However, in this case, it is clear that there is no amendment that Plaintiff could make to cure these particular deficiencies. Therefore, the Complaint should be dismissed with prejudice.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this Recommendation is filed. Fed. R. Civ. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 20 day of August, 2025.

MARK D. CLARKE
United States Magistrate Judge